IN THE UNITED STATES DISTRICT COURT 

EASTERN DISTRICT OF TENNESSEE   JUL 2 7 2018

Clerk, U. S. District Court
Eastern District of Tennessee
AT CHATTANOOGA   At Chattanooga

| | |
|---|---|
| RICHARD ERLING KELLY,<br><br>Plaintiff,<br><br>V.<br>BILL HASLAM, Governor Of The State Of Tennessee;<br>HERBERT SLATERY, Attorney General Of Tennessee;<br>DAVID B. RAUSCH, Director Of The Tennessee Bureau<br>Of Investigation; JIM HAMMOND, Sheriff Of Hamilton<br>County and NEAL PINKSTON, District Attorney Of<br>Hamilton County, Tennessee, <u>et al.</u>,<br><br>Defendant(s). | NO: 1:18-cv-170<br>JRG/SKL<br>42 U.S.C. Section 1983<br>COMPLAINT For Violation<br>Of CIVIL RIGHTS<br><br>MEMORANDUM:<br>Of Points And Authorities |

---

**COMES NOW,** the Plaintiff in the above Captioned Matter, Richard Erling Kelly,

Proceeding <u>pro se</u>, pursuant to 42 U.S.C. Section 1983, Rules Of Procedure And Evid-

ence pursuant to 28 U.S.C. Section 2072 et seq., and the attached Memorandum Of

Points And Authorities, which support the following Grounds For Relief:

**GROUND ONE:** Retroactive Application Of T.C.A. 40-39-203 et seq. [Tenn-

essee's Sexual Offender and Violent Sexual Offender Registration, Verification and

Tracking Act Of 2004] and Subsequent Amendments Of The "Act" Violates The Ex Post

Facto Clause [U.S. Constitutional Amendment, Article 1, section 9, clause 3 ] *AS APPLIED*

*To The Plaintiff;* **GROUND TWO**: T.C.A. 40-39-203 et seq. Is Unconstitutionally Vague In Violation Of The Fourteenth Amendment [14], As Neither An Ordinary Citizen Nor A Law-Enforcement Officer Could Reasonably Determine What Activity Was Criminalized In Those Sections Of T.C.A. 40-39-203, and that: section(s) of 40-39-203 Are Unconstitutionally Overbroad In Violation Of The First Amendment *AS APPLIED* To The Plaintiff.

JURISDICTIONAL STATEMENT

The District Court Has Authority To Hear This Matter Through Title 28 U.S.C., Sections 2072, 2073, 2074; 42 U.S.C. Section 1983 And The Federal Rules Of Civil Procedure et seq., As All Of The Captioned Defendant's and their Employee's Were and Are, Acting Under The Color Of State Or Federal Law(s), in The Implementation and The Enforcement Of Laws That: *AS APPLIED* To The Plaintiff: ARE UNCONSTITUTIONALLY INFIRM.

Richard Erling Kelly, Plaintiff <u>pro se</u>

lookoutparalegal@Gmail.com
2000 East 23rd. Street #240
Chattanooga, TN 37404

## MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF COMPLAINT

For The Purposes Of This Complaint: The Plaintiff Stipulates That He Has A Twenty-Eight [28] Year Old Conviction In Arizona For Sexual Assault [Arizona Revised Statute 36-3714] For Which Subjects Him To The Mandates Of Tennessee's "Sexual Offender And Monitoring Act" Of Tennessee Code Annotated [hereinafter "T.C.A."], Section(s) 40-39-103, 40-39-104 and 40-39-105 (Rules Filed December 19, 2001), As Well As The "Rules Of The Tennessee Bureau Of Investigation [hereinafter "T.B.I."] Under Chapter 1395-I-5 et seq., Of Which 'Rules' Retrospectively Alters Contractual Language Of "NON-DANGEROUS and NON-REPETITIVE" Designation Contained Within The Plaintiffs' 1990 Arizona Plea (e.g.) See, Flagstaff, Arizona [April 18, 1990 Coconino County Superior Court PLEA In No.14999-90], By Placing Plaintiff Into A Legislative Mandated "TIER" Scheme Which Ostensibly Correlates To A "Current Dangerousness," Not Based Upon An Individual Assessment: But Solely On The Crime Of Conviction. Ironically, It Should Be Noted That The Plaintiff Would Be Discharged From All Registration Mandates, Pursuant To Arizona Revised Statute [Title 13-3826], As *THAT* STATE, As Well As The *FEDERAL COURTS* Have Ruled That The Plaintiff *IS NOT A PREDATOR* (e.g.) See { **STATE V. KELLY, 12/10/10 MINUTE ENTRY IN CV 2003-0387**}, {**UNITED STATES V. KELLY, 630 Fed.Appx. 416 (6th.Cir.2015)**}.

## BACKGROUND

Like Many States, Tennessee has 'Amended' its "Sex Offender Registration And Monitoring Act" [T.C.A. Section(s) 40-39=203 et seq.] On A Number Of Occasions In Recent years For The Professed Purpose Of Making Tennessee Communities Safer and Aiding Law Enforcement In The Task Of Bringing Recidivist's To Justice[1]. The Retroactive Application Of "SORMA" Has Had A Significant Impact Upon the Plaintiff and His Family, That Reaches Far Beyond The Stigma Of Simply Being A "Sex Offender" On A Public Registry. As A Result Of The Numerous Restriction's Imposed By "SORMA," (e.g.) Restrictions Governing The Plaintiffs' Association With Children **[Even Though The Plaintiff Has No Offense Against Children]**, Restrictions Of Where The Plaintiff And His Family Can Reside [Not Within A 1000 Feet] Of ANY School/Park/Day-Care/Athletic Field/Recreation Centers/Or Playgrounds: Such Restrictions Have Resulted In Specific DENIALS Of Housing For The Plaintiff And His Family (e.g.), [In Re: M.E./3209 Wood Street], Of Which Suspect Class Discrimination Was Witnessed By An Employee Of The City Of Chattanooga [J.L]. Additionally, The Plaintiff Has A 2013 Federal Court ORDER, that in pertinent part states: that the plaintiff is allowed to live with, and raise his Twelve-Year Old Son.

However, On January 31 2018, The Office Of Child Protection Services Was Dispatched To Plaintiffs' Address To Investigate A 'Report' Of A "Sex Offender Living With A Child;" Although, This Particular Matter Was Informally Resoled: The Plaintiff And His Family Live In Constant Fear Of Separation Or Arrest In A Continuation Of A Blindly-Restrictive, Overbroad and Ambiguous Statute ["S.O.R.M.A."], Of Which Laws, Creates A "Grapes Of Tantalus" Scenerio:

---

[1] Empiracle Evidence Has Shown That: 95% Of All New Sexual Crime Is Committed By Those With No Previous Sex Offenses: "....Re-Emphasizing How Pointless And ' Punitive The Registry Is' As A Tool For "Prevention," See, http://bit.ly/2vacfBu;//bit.ly/2vaapAg;//bit.ly/2uJoxo3

Whereby, True Freedom And The Pursuit Of Happiness Are Constructively Out Of Reach For The Petitioner And His Family. The Plaintiff Is Effectively Barred From State Parks, Recreation Areas, Watching His Son Participate In School and Sports Activities, As Well As A 'Laundry-List' Of Other "SORMA" Prohibitions That Have No Reasonable Relationship To The Plaintiffs' Criminal History. In Short: The Plaintiffs' Ability To Parent, Work And Travel Is Extremely Restricted Through "SORMA."

Various Legislative Amendment(s) Have Made Mandatory Reporting In Person Or By Phone (e.g.) [Upon Changing A Residence/ Updating A Myriad Of Required Information/ Or Actually 'Registering' For The First Time], Predicated Upon Vague Statutory Construction(s), That Could Lead To Capricious Interpretations And Arbitrary Applications[2].

The Plaintiff Further Stipulates That He Has Several Registration "Violations."

However, This Court Should Take Judicial Notice Of The Fact That The Plaintiffs' Rate Of Incarceration For [Technical Violations] Of An Alleged Non-Punitive Civil Regulatory Scheme: Is Closely Approaching A Period Of Incarceration Time For The Actual Sex Offense (discussed infra).

---

[2] The Plaintiff Is Currently Under Indictment In Hamilton County Pursuant To A TRUE BILL [No. 304987] (For An Alleged Violation Of Sex Offender Registry (Class E Felony)

5

**GROUND ONE:** <u>Retroactive Application Of T.C.A. 4-39-203 et seq. [Tennessee's Sexual Offender and Violent Sexual Offender Registration/Verification and Tracking Act Of 2001 And Subsequent Amendments To The "ACT" Violates The Fourteenth Amendment's Prohibition Of EX POST FACTO [Const.Amend.{14} Article 1, Section 9, Clause 3]</u>

<u>*AS APPLIED* TO THE PLAINTIFF</u>

The Plaintiff Herein Asserts, And Will Show That: **[1]** "SORMA" Meet's The General Definition Of "Punishment," As It Has Much In Common With Banishment and Public-Shaming, Employing Geographical Restriction's Similar To *Punitive* Sun-Down Law's, and Have *Similarities To Parole and Probation,* **[2]** ["SORMA"] Restriction's On *Where Registrant Can Live, Work, Recreate With His Family, and Simply Loiter:* Put Significant Restraint's On *How* the Plaintiff Must Live His Life, **[3]** ["SORMA"] Advances The Traditional Aims Of *"Punishment" (e.g.), 'Incapacitation, Retribution, and Deterrence';* and **[4]** Therefore, ["SORMA"] Imposes "Punishment" and as such: , Retroactive Application of Law(s) Upon The Plaintiff Are Unconstitutionally infirm.

<u>Ex post facto</u>

The Ex Post Facto Clause Simply States, that: "No State SHALL...Pass ANY...ex post facto Law." (emphasis added). While Many (certainly not all) Sex Offenses Involve Abominable Conduct That Deserves Severe Legal Penalties, *"Punishment" May NEVER Be Retroactively*

6

Case 1:18-cv-00170-DCLC-SKL   Document 1   Filed 07/27/18   Page 6 of 12   PageID #: 6

*Imposed Or Increased.* Indeed, the mere Fact That: Sex Offenders Are So Widely Feared and Disdained By the General Public, Implicates the Core Counter-Majoritarian Principle Embodied In the Ex Post Facto Clause, U.S.Const.art.1, section 9, cl.3. As the Founding Father's Rightly Perceived : As Dangerous As It May Be NOT To Punish Someone, It Is Far More Dangerous To Permit the Government *Under The Guise Of Civil Regulation* To "Punish" People *Without* Prior Notice. Such "lawmaking" has been, in all ages, a *Favorite and Most Formidable Tool Of Tyranny.* It Is *Incompatible* With Both the Words of the Constitution and the Underlying *First Principles Of The United States' Free Republican Governments.* Ex Post Facto Laws Are *Contrary* to the First Principles of the Social-Compact, and to Every Principle Of Sound Legislation, and as such: *The Retroactive Application Of ["SORMA"] Upon The Plaintiff Is UNCONSTITUTIONALLY INFIRM, and it therefore Must Cease (e.g. )* See, <u>Does V. Snyder</u>, 834 F.3d 696,706 (6th.Cir.C.A.2016)[The Court Concluded that Michigan's Registration Law's---Similar To Tennessee's---Violated Ex Post Facto And Must Cease); Also See, <u>Kansas V. Hendricks</u>, 521 U.S. 346,361,117 S.Ct. 2072, 138 L.Ed.2d 501 (1997)[Is The Statutory Scheme *So Punitive Either In Purpose Or Effect As NEGATE {the State's} Intent To Deem It 'Civil,'* <u>Id</u>. (emphasis added)]; The Fourth Circuit Court Of Appeals Held That North Carolina's Sex Offender Scheme was: [1] Unconstitutionally Vague In Violation Of The Fourteenth Amendment, and [2] The Law Was Unconstitutionally Overbroad In Violation Of **The First Amendment** As It Applies To ALL Restricted Sex Offenders: Not Just Those Who

7

Posed A Danger To Minors Or Were Likely To Pose Such A Danger. The Court Also Ruled That:

"A State Violates Due Process If It Fails To Provide A Person Of Ordinary Intelligence Fair Notice Of *What Is Prohibited*, Or Is So Standardless That It *Authorizes* Or *Encourages Seriously Discriminatory Enforcement*. The Prohibition Of Vagueness In Criminal Statutes Is A Well-Recognized Requirement, Consonant Alike With Ordinary Notions Of Fair Play And The Settled Rule Of Law." See, <u>Does V. Cooper III</u>, 834 F.3d 696,700-04 (4th.Cir.Ct.App.2016); <u>Johnson V. United States</u>, 576 U.S.___,135 S.Ct. 2551,2556-57, 192 L.Ed.2d 569 (2015).

**GROUND TWO:** <u>T.C.A. 40-39-203 et seq. ["SORMA"] Is Unconstitutionally Vague In Violation Of The Fourteenth Amendment [14], As Neither An Ordinary Citizen Nor A Law Enforcement Officer Could Reasonably Determine What Activity Was Criminalized In Those Sections Of ["SORMA"] And That: Section's Of ["SORMA"] Are Unconstitutionally Overbroad In Violation Of The First Amendment *As Applied To The Plaintiff*</u>

The Plaintiff Herein Asserts, And Will Show That: **[1]** Where A Statute Specifies No Standard, The Fact That It Has One Or More Clearly Constitutional Applications Cannot Save It. United States Supreme Court Precedent Squarely Contradicts The Theory That A "Vague Provision Is Constitutional" Merely Because There Is Some Conduct That Clearly Falls Within The Provisions Grasp, **[2]** That Under The Overbreadth Doctrine, If A Law "Punishes" A Substantial

8

Amount Of Protected Fee Speech, Judged In Relation To The Statute's Plainly Legitimate Sweep, Then It Is Invalid Until, and Unless, A Limiting Construction Or Partial Invalidation So Narrows It: As To Remove The Seeming Threat Or Deterrence To Constitutionally Protected Expression. Any Overbreadth Must Both Be Both Real And Substantial In Order Be Constitutionally Deficient. Although, Substantial Overbreadth Is Not Readily Reduced To A Mathematical Formula, There Must Be A Realistic Danger That The Statute Itself, Will Significantly Compromise Recognized First Amendment Protections Of Parties Not Before The Court For It To Be Facially Challenged On Overbreadth Grounds: The Courts Have Interpreted The principle Of **in pari materia** To Mean That Adjacent Statutory Subsections That Refer To The SAME Subject Matter *Should Be Read Harmoniously,* And that, **[3]** Tennessee's Sex Offender Statute ["SORMA"] Squarely Implicates *All Of The Aforementioned Constitutional Infirmities.* It Is Crystal Clear That: "The Prohibition Of 'Vagueness' In Criminal Statutes Is A Well Recognized Requirement and That, A State Violates Due Process Of Law If It Fails To Provide A Person Of Ordinary Intelligence Fair Notice Of What Is Prohibited, Or So Standardless That It Authorizes Or Encourages Seriously Discriminatory Enforcement.

Although, The Are Several Sections Of 40-39-203 et seq. {"SORMA"] That The Plaintiff Will Show To Be Constitutionally Infirm, In Particular, The State Is Prosecuting The Plaintiff Under The Authority Of 40-39-208 ("...Did Unlawfully And Knowingly Fail To Register Or Report In

9

Person Within Forty-Eight [48] Hours Of Release On Probation Or Any Other Alternative To Incarceration as required by [law]." The Plaintiff Herein Asserts, And Will Prove The Following: **[1]** That, Although The State Has Chosen To Indict The Plaintiff Upon This Alleged "Violation Of Sorma," The Plaintiff Will Prove Beyond A Reasonable Doubt: That, (1) The Plaintiff *Did Not* "Fail To Register," As Alleged By Mr. Neil Pinkston[3] **(See, EXHIBIT 1)** [A True Bill No.304987 {Indictment} "Violation Of Sex Offender Registry : T.C.A. 40-39-203 - Class E Felony")], **[2]** That The Plaintiff Was *Not* "...On Probation Or Any Other Alternative To Incarceration As Required By [Law]," and That, Although, The Plaintiff Attempted To *Update* His Registration In Hamilton County, Tennessee, *Pursuant To State Law;* to wit:

**T.C.A. 40-39-203(a)(4)** ["within 48 Hours Of A Change In *Any Other Information GIVEN To The Registration Officer*[4] Or Agency By The Offender That Is Contained On The Registration Form: 'The Offender Must *Report* The Change To The Registering Agency...'":

The Plaintiff Asserts: That He Has Been "Registered" In Hamilton County, Tennessee, Since September 2, 2016 and Was Denied An "update" under State Law, Id..

The Court Should Take Particular Judicial Notice Of The *Actual Innocence :* Of The Plaintiff: When Simply Comparing **EXHIBIT 1** and **EXHIBIT 2** (Attached Herein).

---

[3] Neil Pinkston Is Named Defendant
[4] Registration Officers in the employ of Defendant Jim Hammond [Mike Cox and Jessica White] were legally notified of the plaintiffs updated information within 48 hours under Agency Policy of "calling in to make an appoint/or "leave a message and we'll get back with you"

10
F

At The Very Least, The Plaintiff Has *Shown* That [1]: The State Clearly Engages In Arbitrary Interpretations and Enforcement Of A Constitutionally Vague and Overbroad Statute ["SORMA"], Volitional Of The First and Fourteenth Amendments (e.g.), See **Martin V. Lloyd**, 700 F.3d 132,135 (4th.Cir.2012), and That [2]: The "*Statutory Scheme Is So Punitive Either In Purpose Or Effect As To Negate {the State's} Intent To DEEM IT CIVIL.*" **Hendricks, supra,** 521 U.S. @ 361.

**CONCLUSION:**

The Plaintiff Had Requested "Termination From The "SORMA" From the "TBI" On October 10, 2017: See, **EXHIBIT 3**, and Five Months (5) Later, Received An "Unsigned Letter" From The "TBI" Denying The Plaintiffs' Request *Based Upon,* What The Plaintiff Deems To Be: *Incorrect Criminal History.* The "TBI" Also Concludes That, Pursuant To Some *Inherent And Current Dangerousness: The Plaintiff Must: .'Register For Life,'* See **EXHIBIT 4.**

The Plaintiff Also Asserts That His Arizona Adjudications Of NON-DANGEROUSNESS Should have had A Preclusive Effect Upon The Application Of The "Dangerous Offender" Section Of "SORMA," under the Doctrine of **res judicata** (e.g.), See **Keymarket Of Ohio LLC V. Kellor**, 483 Fed.App'x 967, 970 (6th.Cir.2012)(state court judgments are given the same preclusive effect in federal court as they receive in courts of rendering state); **U.S. V. Gonzales**, 981 F.2d 1037, 1040 (9th.Cir.1992)(we construe a plea agreement as a binding agreement with specific performance).

11

REQUESTED RELIEF:

The Plaintiff Herein Requests: A Jury Trial and Punitive Damages In The Amount Of Five Million Dollars. The Plaintiff Further Requests Compensatory and Actual Damages {To Be Determined At The End Of Proceedings}, As Well As Any Other Means Of Justice In Support Of These Grounds.

RESPECTFULLY SUBMITED this 26th day of July, 2018

Richard Erling Kelly, Plaintiff
lookoutparalegal@gmail.com
2000 East 23rd. Street #240
Chattanooga, TN 37404
(423) 27-0772

12

///