UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | |
|---|---|---|
| RICHARD ERLING KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | 1:18-CV-00170-DCLC |
| | ) | |
| vs. | ) | |
| | ) | |
| BILL LEE[1], Governor of the State of Tennessee, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Richard Kelly ("Kelly") filed this lawsuit under 42 U.S.C. § 1983 contending that the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act ("the Act"), Tennessee Code Annotated § 40-39-201 *et seq.* violates the *ex post facto* prohibition of the United States Constitution and the Tennessee Constitution. He also claims the Act is unconstitutionally vague in violation of the Fourteenth Amendment and overbroad in violation of the First Amendment. [Doc. 8, pg. 1-2]. He sued the Governor of Tennessee, the Tennessee Attorney General (Herbert H. Slatery, III), the Director of the Tennessee Bureau of Investigation (TBI), (David Rausch) and the Sheriff of Hamilton County, Tennessee, (Jim Hammond) for Five Million Dollars in punitive damages, compensatory damages in an amount

---

[1] Kelly initially sued former governor Bill Haslam in his official capacity. Bill Lee is his successor and is automatically substituted in former-Governor Haslam's place. Fed.R.Civ.P. 25(d) provides that "An action does not abate when a public officer who is a party in an official capacity … ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name…."

1

proven at trial, injunctive and declaratory relief [Doc. 8, pg. 12].

Pending before the Court are the motions to dismiss filed by the Governor, Attorney General and the TBI Director, arguing that (1) they are not proper parties to this suit; (2) Kelly is not entitled to any monetary damages; (3) the statute of limitations has run on Kelly's claims; and (4) that that the Court should decline to exercise supplemental jurisdiction over Kelly's claim that the TBI wrongfully denied his request for removal from the Sex Registry. Kelly who is proceeding *pro se* in this case, responded [Doc. 30]. This matter is now ripe for resolution.

**I.      Standard of Review**

Under Fed.R.Civ.P. 12(b)(6), the Court may dismiss an action for failing to state a claim upon which relief can be granted. Fed.R.Civ.P. 8(a)(2) requires the complaint to contain a "short plain statement of the claim showing that the pleader is entitled to relief." A motion to dismiss under Rule 12(b)(6) requires the Court to construe the allegations in the complaint in the light most favorable to the plaintiff and accept all the complaint's factual allegations as true. *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). The Court must liberally construe the complaint in favor of the party opposing the motion. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). However, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and to "state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Moreover, this Court need not "'accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Ashcroft*, 556 U.S. at 678.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 42 U.S. 97, 106 (1976) (internal quotation marks omitted)). However, "Plaintiff's *pro se* status does not exempt him from compliance with relevant rules of procedure and substantive law or the burden of proving the facts on which his claim is based." *Jedrejcic v. Croatian Olympic Committee*, 190 F.R.D. 60, 69 (E.D.N.Y. 1999) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

**II.       Analysis**

**A.       Improper parties**

"The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State...." U.S. Const. amend. XI. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office, i.e., against the State." *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008)(quotations omitted). In this case, Kelly's suit against the Governor, the Attorney General, and the Director of the TBI in their official capacities "is a suit against the State itself." *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)).

The State of Tennessee has sovereign immunity from suit in federal court. *Boler v. Earley*, 865 F.3d 391, 409–10 (6th Cir. 2017) (citing *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005) (en banc)). "There are three exceptions to sovereign immunity: (1) when the state has waived immunity by consenting to the suit; (2) when Congress has expressly abrogated the states' sovereign immunity, and (3) when the doctrine set forth in *Ex parte Young*, 209 U.S. 123 (1908) applies." *Id*. at 410 (citing *Puckett v. Lexington-Fayette Urban Cty. Gov't*, 833 F.3d 590, 598 (6th Cir. 2016)). The State of Tennessee has not consented to this suit, and "Section 1983 does not abrogate Eleventh Amendment immunity." *Id.* (citing *Will v. Mich. Dep't of State Police*, 491 U.S.

3

58, 66 (1989)). Thus, the focus of Defendants' motions to dismiss is whether the exception to sovereign immunity outlined in *Ex parte Young* applies.

In *Ex parte Young*, the Supreme Court provided that "officers of the state[ who] are clothed with some duty in regard to the enforcement of the laws of the state … may be enjoined by a Federal court …" from enforcing laws that are unconstitutional. 209 U.S. at 155–56. But for this exception to apply, the state official must "have some connection with the enforcement of the allegedly unconstitutional Act." *Allied Artists Picture Corp. v. Rhodes*, 679 F.2d 656, 665 fn.5(6th Cir. 1982) (quotations omitted). That link is not ordinarily satisfied where the only connection with the enforcement of the law is "general authority." *Russell*, 784 F.3d at 1048 (quoting *1st Westco Corp. v. Sch. Dist. Of Philadelphia*, 6 F.3d 103, 113 (3rd Cir. 1993)). Instead, there must be a "realistic possibility the official will take legal or administrative actions against the plaintiff's interests" for that connection to exist. *Russell*, 784 F.3d at 1048.

**1.     Governor Lee's motion**

Governor Lee argues he is not a proper party to this lawsuit, and the exception to sovereign immunity in *Ex parte Young* does not apply to him. In this case, the Governor has the responsibility under the Tennessee Constitution to "take care that the laws be faithfully executed." Tenn. Const., Art. III, § 10. In other words, he has "general authority" to see that the laws properly executed but is otherwise not connected with the implementation and enforcement of the Act. General authority, however, will not ordinarily be sufficient to keep a governmental party in the case, but it can be. For example, in *Allied Artists*, the Sixth Circuit addressed Ohio trade practice legislation and found the general authority of the Governor to see the laws enforced was sufficient under *Ex parte Young* to maintain an action against the Governor. It noted that "the substantial public interest in enforcing the trade practices legislation involved here places a significant obligation

4

upon the Governor to use his general authority to see that state laws are enforced." *Allied Artists*, 679 F.2d at 665, fn. 5. But the reason the Sixth Circuit found such general authority sufficient was because otherwise the plaintiffs "would be unable to vindicate the alleged infringement of their constitutional rights without first violating an Ohio statute …." *Id.*

That is not true for Kelly in this case. Kelly has not alleged that he cannot vindicate the alleged infringement without first violating the Act. Kelly has named the governmental parties overseeing the implementation and enforcement of the Act, the Tennessee Attorney General, the Director of the TBI, and the local sheriff. *See EMW Women's Surgical Ctr., P.S.C. v. Beshear*, 920 F.3d 421, 446 (6th Cir.), *cert. denied sub nom. EMW Women's Surgical Ctr., P.S.C. v. Meier*, 140 S. Ct. 655, 205 L. Ed. 2d 387 (2019)(Because it is uncontested that the Secretary Meier is a proper party, no concern exists that [the plaintiff] "would be unable to vindicate the alleged infringement of their constitutional rights without first violating [H.B. 2]"). Unlike the plaintiff in *Allied Artists*, Kelly can vindicate his constitutional rights with the governmental parties he has named in his case.

Kelly has not alleged the Governor has any more than general authority relative to the enforcement of the Act. He has not alleged the Governor intends to take any specific action against him regarding the enforcement of this Act. *See McNeilus Truck & Manufacturing, Inc. v. Ohio ex rel. Montgomery*, 226 F.3d 429, 438 (6th Cir. 2000)(*Young* "does not apply when the defendant official has neither enforced nor threatened to enforce" the challenged statute)(citations omitted). To be sure, there seems to be no consensus on whether the governor of Tennessee is a proper party in a constitutional challenge to the Sex Offender Registry laws. *Compare Roath v. Lee*, No. 3:17-CV-00995, 2019 WL 3066533, at *22 (M.D. Tenn. July 12, 2019) (dismissing Governor Lee from a suit challenging the constitutionality of the Tennessee Sex Offender Registry laws) and *Doe v.*

5

*Haslam,* No. 3:17-CV-217, 2017 WL 4782853, at *4 (E.D. Tenn. Oct. 23, 2017) (finding that "Governor Haslam's 'general authority' in enforcing the Act is not enough") *with Doe v. Haslam*, No. 3:16-CV-02862, 2017 WL 5187117, at *9 (M.D. Tenn. Nov. 9, 2017) (finding "the [Tennessee Sex Offender Registry] laws at issue here appear to be of the type sufficient to expose the governor to suit….").

While there could be several reasons why the Governor could be a proper party in a case of this sort, the allegations do not support it in this case. Kelly has only named the Governor as a Defendant and has said nothing about the Governor's involvement in this case and his connection to the Act's enforcement. Saying nothing is not enough. Kelly has not shown that there is "a realistic possibility the official will take legal or administrative actions against the plaintiff's interests." *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1047 (6th Cir. 2015). Moreover, dismissing the Governor from this suit does not prevent Kelly from vindicating any alleged infringement of his constitutional rights. Accordingly, Governor Bill Lee is DISMISSED with prejudice.

### 2. Tennessee Attorney General Herb Slatery

Where parties challenge the constitutionality of any Tennessee statute, Tennessee law requires the Attorney General "to be a party defendant in any [such] proceeding where the constitutionality of the Act of the legislature is before the Court on declaratory judgments proceeding." *Burns v. Helper*, No. 3:18-cv-01231, 2019 WL 597707, *5 (M.D. Tenn. Oct. 24, 2019), *adopted by* 2019 WL 5964546 (M.D. Tenn. Nov. 13, 2019) (quoting *Cummings v. Beeler*, 223 S.W.2d 913, 916 (Tenn. 1949)); *see also Bd. of Educ. of Shelby Cty. v. Memphis City Bd. of Educ.*, No. 2:11-cv-02101, 2012 WL 6003540, at *2 (W.D. Tenn. Nov. 30, 2012), *supplemented by* 2012 WL 6607288 (W.D. Tenn. Dec. 18, 2012) (finding that "to challenge the constitutionality

of a state statute and to enjoin its enforcement, the state attorney general has been deemed to be the appropriate named party") (citing *Mayhew v. Wilder*, 46 S.W.3d 760, 775 n.1 (Tenn. Ct. App. 2001) (concluding that the Attorney General was a named party because, although there were no allegations of his wrongdoing, injunctive relief against the enforcement of an enactment of the legislature was sought)). Tenn. Code Ann. § 29-14-107 provides that "if the statute … is of statewide effect and is alleged to be unconstitutional, the attorney general and reporter shall also be served with a copy of the proceeding and be entitled to be heard." Therefore, Defendant Slatery is a proper party in this case to the extent that the constitutionality of the Act is being challenged. Defendant Slatery's motion to dismiss is DENIED.

### 3. TBI Director David B. Rausch

Defendant Rausch as Director of the Tennessee Bureau of Investigation also asks the Court to dismiss him from this suit as "[t]he TBI has no independent authority to investigate violations of the Act or to take action to enforce any of its provisions." [Doc. 22, pg. 7]. He further notes that "[t]he TBI's duties under the Act are administrative only" and that as the TBI's duties do not involve enforcement, he is immune from suit in this case [*Id*. at pg. 8].

As the TBI Director, Rausch is responsible for maintaining and overseeing the Act. His duties include, inter alia, maintaining the database of sex offenders and developing registration forms.

> The TBI's duties in the administration of Tennessee's statutory scheme are numerous and significant. TBI creates, maintains, and administers the sexual offender registry. Tenn. Code Ann. § 40-39-206(a); Tenn. Code Ann. § 38-6-110(a)...It makes registry information available to criminal justice agencies...While TBI may not have standalone authority to prosecute violations of the registry requirements, those prosecutions are merely the tip of a long spear that TBI itself constructs and provides.

*Doe v. Haslam*, No. 3:16-CV-02862, 2017 WL 5187117, at *10 (M.D. Tenn. Nov. 9, 2017).

Because the TBI is intricately involved in the administration of the Act, the TBI Director is an appropriate party to this action. *See Roath v. Lee*, No. 3:17-CV-00995, 2019 WL 3066533, at *22 (M.D. Tenn. July 12, 2019) (finding "[t]he TBI director is … the appropriate person against whom to bring a claim regarding whether Plaintiff is required to register on the TSOR"); *Doe v. Rausch*, 382 F. Supp. 3d 783, 802 (E.D. Tenn. 2019) (finding injunctive relief appropriate against the Director of the TBI concerning the application of the 2014 Amendment to the Tennessee Sex Offender Registry Act, Tenn. Code Ann. § 40-39-207(g)(1)(C)). The TBI will take "administrative actions against the plaintiff's interest." *Russell*, 784 F.3d at 1048. Kelly "has alleged a plausible claim for relief against [Defendant Rausch] in his official capacity." *Doe*, 2017 WL 4782853, at *4. Defendant Rausch's motion to dismiss as an improper party is DENIED.

**B.     Kelly's claim for monetary damages against Attorney General and TBI Director**

When applicable, the Eleventh Amendment bars monetary claims against a State or state officials acting in their official capacities. *See S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008). Defendants Slatery and Rausch are both being sued in their official capacities. "The Eleventh Amendment bars § 1983 suits seeking money damages against states and against state employees sued in their official capacities." *Rodgers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989)). Accordingly, Kelly is not entitled to monetary damages, whether punitive, compensatory, or actual damages from Defendants Slatery and Rausch. Their motion to dismiss Kelly's request for monetary damages is GRANTED.

**C.     Statute of Limitations**

Defendants argue that Kelly's § 1983 is time barred because "Plaintiff knew or should have known about his claimed injuries related to the Act no later than September 2, 2016, when Kelly

registered in Hamilton County, Tennessee." [Doc. 22, pg. 10-11]. Therefore, by filing this suit on July 27, 2018, Kelly was outside of the one-year statute of limitations. Kelly argues that his actual injury occurred on February 1, 2018 when he was arrested in Hamilton County for a violation under the Act and therefore that is when the statute of limitations began to run [Doc. 30, pg. 3].

"It is well settled that in Tennessee claims under 42 U.S.C. § 1983 are subject to a one-year statute of limitations" in accordance with state law. *Doe v. Rausch*, 382 F.Supp.3d 783, 791 (E.D. Tenn. 2019) (citing T.C.A. § 28-3-104(a)(1)(B); *Irick v. Ray*, 628 F.3d 787, 789 (6th Cir. 2010)). This one-year statute of limitation period will not bar a § 1983 claim seeking injunctive relief from the enforcement of a law that amounts to a continuing violation of the Constitution. Courts have found that plaintiffs may rely on a continuing violation theory to amount challenges to the constitutionality of the Act. *Burns v. Helper*, No. 3:18-cv-10231, 2019 WL 5987707, at *5 (M.D. Tenn. Oct. 24, 2019) (quoting *Doe v. Haslam*, Nos. 3:16-cv-02862, 3:17-cv-00264, 2017 WL 5187117, at *11 (M.D. Tenn. Nov. 9, 2017)) (internal quotation marks omitted). This continuing violation theory applies to "constitutional claims that challenge a particular aspect of the Act that prospectively exposes plaintiffs to potential criminal liability and based on the threat of significant consequences for future conduct." *Burns*, 2019 WL 5987707, at *6 (quoting *Doe*, 2017 WL 5187117, at *14). For the continuing violation theory to apply,

> [f]irst, the defendant's wrongful conduct must continue after the precipitating event that began the pattern…. Second, injury to the plaintiff must continue to accrue after that event. Finally, further injury to the plaintiff must have been avoidable if the defendants had at any time ceased their wrongful conduct.

*Doe v. Haslam*, 2017 WL 5187117 at *11 (quoting *Eidson v. State of Tennessee Dept. of Children's Services*, 510 F.3d 631, 635 (6th Cir. 2007)).

In *Doe v. Gwyn*, the district court found that even though the plaintiff knew or should have known of his injury and the cause of his injury at many intervals, the plaintiff "has stated a claim

9

of continuing violation." *Doe v. Gwyn*, No. 3:17-cv-504, 2018 WL 1957788, at *15 (E.D. Tenn. Apr. 25, 2018). It found "the instant Ex Post Facto claim challenges a punishment that is inflicted on Plaintiff every day and will continue to be inflicted every day in the foreseeable future." *Gwyn*, 2018 WL 1957788 at *6 (quoting *Doe v. Haslam*, 2017 WL 5187117 at *13) (internal quotation marks omitted). Kelly "faces the very real possibility of criminal prosecution by the State if he does not conform his behavior to the requirements of the Act and it is this continuing imposition of restrictions that allegedly violates the Ex Post Facto Clause." *Id.* (internal quotation marks omitted).

There is no dispute that the restrictions of the Act "continue[d] after the precipitating event that began the pattern," that is, after the Act required Kelly to register in Tennessee. *Tolbert v. State of Ohio Dep't of Transp.*, 172 F.3d 934, 940 (6th Cir. 1999). And there is also no dispute that if the Act did not mandate registration, then Kelly could avoid further injury. Indeed, Kelly has identified two recent injuries, a denial of housing and criminal prosecution [Doc. 8, pg. 4-5]. He requested TBI remove him from the registry, and his request was denied [Doc. 8, pg. 11; Doc. 30, pg. 5]. Accordingly, Kelly's *ex post facto* claim purportedly states a continuing violation and is timely. Kelly's additional claims of violations of his First and Fourteenth Amendment due process rights are similarly timely as "[e]ach of these claims alleges a particular restriction or potential criminal punishment imposed by the Act to which [P]laintiff is subject." *Doe v. Gwyn*, 2018 WL 1957788 at *6; *see also Doe v. Haslam*, 2017 WL 5187117 at *14.

## D. Supplemental Jurisdiction

Finally, Defendants argue that the Court "should decline to exercise jurisdiction over Plaintiff's claim that the TBI should have removed him from Tennessee's registration requirements." [Doc. 22, pg. 8]. They argue that this is a state law matter for which there is a state

10

procedure for obtaining the relief that Kelly seeks; Kelly did not follow the proper procedure for appealing the TBI's denial of his request to be removed from the registry [*Id.*]. Kelly admits this as "any 'appeal' is futile and a waste of resources, as the exclusion of [t]he plaintiff from this state's sex offender registry scheme *Is Statutorily Barred* Regardless of the age, circumstances, or previous court rulings in relation to the predicate offense." [Doc. 30, pg. 5] (emphasis in original).

A federal court can extend supplemental jurisdiction over a state law claim "that forms part of the same 'case or controversy' as a claim over which the court has jurisdiction." *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also* 28 U.S.C. § 1367. "A district court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." *Musson Theatrical*, 89 F.3d at 1254 (citing *Transcontinental Leasing, Inc. v. Michigan Nat'l Bank of Detroit*, 738 F.2d 163, 166 (6th Cir. 1984)).

At this point, the Court declines to dismiss the case on this ground. The motions to dismiss do not address the merits of Kelly's claims. If this Court were to find the Act unconstitutional, that finding would have a direct effect on whether the TBI should remove him from the registry. Therefore, given the Court's "broad discretion," Defendants' motion to dismiss on this ground is DENIED at this time.

### III. Conclusion

Defendants' motion to dismiss [Doc. 21] is GRANTED IN PART AND DENIED IN PART. Defendant Governor Bill Lee's motion to dismiss [Doc. 21] is GRANTED, and he is DISMISSED WITH PREJUDICE from this case. The Attorney General's and the TBI Director's motions to dismiss on the ground that they are improper parties are DENIED, but their motions to dismiss Kelly's claims for monetary damages are GRANTED [Doc. 21].

SO ORDERED:

s/ Clifton L. Corker
United States District Judge