UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| RICHARD ERLING KELLY, | ) |
| | ) |
| Plaintiff, | ) 1:18-CV-00170-DCLC |
| | ) |
| vs. | ) |
| | ) |
| JIM HAMMOND, Sheriff of Hamilton County, Tennessee | ) |
| | ) |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Defendant Jim Hammond, Sheriff of Hamilton County, Tennessee, filed this Motion to Dismiss [Doc. 14] and supporting memorandum [Doc. 15] pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff, Richard Kelly, proceeding *pro se* in this case, responded [Doc. 17]. This matter is now ripe for resolution.

**I.    Factual and Procedural Background**

Plaintiff Richard Kelly ("Kelly") contends under 42 U.S.C. § 1983 that the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act ("the Act") Tenn. Code Ann. § 40-39-201 *et seq.* violates the *ex post facto* prohibition of the United States Constitution and the Tennessee Constitution. He also claims the Act is unconstitutionally vague in violation of the Fourteenth Amendment and overbroad in violation of the First Amendment. [Doc. 8, pg. 1-2]. He has sued the Governor of Tennessee, the Tennessee Attorney General (Herbert Slatery, III), the Director of the Tennessee Bureau of Investigation, (David Rausch) and the local Sheriff of Hamilton County, Tennessee, (Jim Hammond) for Five Million Dollars in punitive and compensatory damages and injunctive and declaratory relief. The

1

Governor, Attorney General, and the Director of the TBI have filed separate motions to dismiss which the Court has addressed in a separate order.

Kelly admits in his Amended Complaint that he has a sexual assault conviction out of Arizona "which subjects him to the mandates of Tennessee's Sexual Offender and Monitoring Act" [Doc. 8, pg. 3]. Kelly argues that the Act's restrictions place "true freedom and the pursuit of happiness … constructively out of reach" for him and his family. [Doc. 8, pg. 5]. He claims that these restrictions are punitive in that they restrain where he can work, live and recreate. He argues these are punitive measures and violate the *ex post facto* provision of the Constitution [Doc. 8, pg. 7].

Regarding the factual allegations against Sheriff Hammonds, Kelly's complaint is quite sparse. Kelly alleges that he was indicted for failure to register in violation of the Act, but he contends he "did not fail to register" and that he attempted to update his registration with the sheriff's office "but was denied an update" [Doc. 8, pg. 10 n.4]. On October 10, 2017, Kelly requested that TBI remove him from the registry. [*Id.* at pg. 11]. TBI denied his request as it considered his prior sexual assault conviction a "sexually violent offense" for which the Act requires lifetime registration. [Doc. 8; *see also* Doc. 1-4].

Defendant Hammond, as Sheriff of Hamilton County, filed a Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) and argues that Kelly has not set forth sufficient facts to impose individual liability on Hammonds, and therefore he should be dismissed [Doc. 14, 15]. Hammond also argues that Kelly's claims are not timely [Doc. 15, pg. 10]. Kelly responds that Defendant Hammond is a "Principal-Player" in this action and is therefore a proper party [Doc. 17, pg. 2].

**II.     Standard of Review**

Under Fed.R.Civ.P. 12(b)(6), the Court may dismiss an action for failing to state a claim

upon which relief can be granted. Fed.R.Civ.P. 8(a)(2) requires the complaint to contain a "short plain statement of the claim showing that the pleader is entitled to relief." A motion to dismiss under Rule 12(b)(6) requires the Court to construe the allegations in the complaint in the light most favorable to the plaintiff and accept all the complaint's factual allegations as true. *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). The Court must liberally construe the complaint in favor of the party opposing the motion. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). However, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and to "state a claim to relief that is plausible on its face." I*d*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Moreover, this Court need not "'accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Ashcroft*, 556 U.S. at 678.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 42 U.S. 97, 106 (1976) (internal quotation marks omitted)). However, "Plaintiff's *pro se* status does not exempt him from compliance with relevant rules of procedure and substantive law or the burden of proving the facts on which his claim is based." *Jedrejcic v. Croatian Olympic Committee*, 190 F.R.D. 60, 69 (E.D.N.Y. 1999) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

### III. Analysis

#### A. Individual liability

Kelly alleges that Hammond and his employees acted under color of law in implementing an unconstitutional act [Doc. 8, pg. 2]. He asserts that he attempted to update his registration in

3

accordance with the Act with Hammond's employees, but they "denied an update" [*Id*. at pg. 10]. In his Motion to Dismiss, Hammond argues that these allegations fail to state a claim against him individually, under Fed.R.Civ.P. 12(b)(6) and the pleading standard set out in *Twombly v. Bell Atlantic Corp.*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

"Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior." *Heyerman v. Cnty. Of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012). Kelly does not allege that Hammond was personally involved in this case at all except to the extent Hammond is the sheriff of Hamilton County who, according to the Act, is responsible for requiring Kelly to register. While he has sued Hammond for punitive and compensatory damages, he has not stated any facts that would support individual liability under § 1983. Accordingly, any claim of individual liability against Hammond is DISMISSED WITH PREJUDICE. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (requiring personal involvement in the violation at issue for individual liability under § 1983).

Kelly is targeting Hammond in his official capacity not his individual capacity. As Kelly alleged, the Act requires him to register with the Sheriff any changes in his employment, schooling and housing. The raison d'être of Kelly's complaint is the statute itself is unconstitutional, and that he is entitled to injunctive relief from the mandates of the Act. Given Hammond's connection to the enforcement of the Act, the claim against him in his official capacity should proceed. *See Doe v. DeWine*, 99 F. Supp. 3d 809, 820 (S.D. Ohio 2015)(denying motion to dismiss a suit challenging the Ohio's sex offender registry law filed against the sheriff in his official capacity "because the Sheriff falls outside the scope of Eleventh Amendment protection and may be sued for the declaratory and injunctive relief….").

### B. Statute of Limitations

Hammond also argues that Kelly's claim is time barred because "Plaintiff has identified his cause of action against Sheriff Hammond as originating out of the registration update of September 1, 2016," which is more than one year prior to Kelly initiating this action [Doc. 15, pg. 10]. Kelly complains that the restrictions imposed on him by the Act are both unconstitutional generally and as applied to him. Kelly states that he was aware of such restrictions, such as where he can live and work [Doc. 8, pg. 4].

"It is well settled that in Tennessee claims under 42 U.S.C. § 1983 are subject to a one-year statute of limitations" in accordance with state law. *Doe v. Rausch*, 382 F.Supp.3d 783, 791 (E.D. Tenn. 2019) (citing T.C.A. § 28-3-104(a)(1)(B); *Irick v. Ray*, 628 F.3d 787, 789 (6th Cir. 2010)). This one-year statute of limitation period, however, will not bar a § 1983 claim seeking injunctive relief from the enforcement of a law that amounts to a continuing violation of the Constitution. Courts have found that plaintiffs may rely on a continuing violation theory to mount challenges to the constitutionality of the Act. *Burns v. Helper*, No. 3:18-cv-10231, 2019 WL 5987707, at *5 (M.D. Tenn. Oct. 24, 2019) (quoting *Doe v. Haslam*, Nos. 3:16-cv-02862, 3:17-cv-00264, 2017 WL 5187117, at *11 (M.D. Tenn. Nov. 9, 2017)) (internal quotation marks omitted). This continuing violation theory applies to "constitutional claims that challenge a particular aspect of the Act that prospectively exposes plaintiffs to potential criminal liability and based on the threat of significant consequences for future conduct." *Burns*, 2019 WL 5987707, at *6 (quoting *Doe*, 2017 WL 5187117, at *14). For the continuing violation theory to apply,

> [f]irst, the defendant's wrongful conduct must continue after the precipitating event that began the pattern…. Second, injury to the plaintiff must continue to accrue after that event. Finally, further injury to the plaintiff must have been avoidable if the defendants had at any time ceased their wrongful conduct.

5

*Doe v. Haslam*, 2017 WL 5187117 at *11 (quoting *Eidson v. State of Tennessee Dept. of Children's Services*, 510 F.3d 631, 635 (6th Cir. 2007)).

In *Doe v. Gwyn*, the district court found that even though the plaintiff knew or should have known of his injury and the cause of his injury at many intervals, the plaintiff "has stated a claim of continuing violation." *Doe v. Gwyn*, No. 3:17-cv-504, 2018 WL 1957788, at *15 (E.D. Tenn. Apr. 25, 2018). It found "the instant Ex Post Facto claim challenges a punishment that is inflicted on Plaintiff every day and will continue to be inflicted every day in the foreseeable future." *Gwyn*, 2018 WL 1957788 at *6 (quoting *Doe v. Haslam*, 2017 WL 5187117 at *13) (internal quotation marks omitted). Kelly "faces the very real possibility of criminal prosecution by the State if he does not conform his behavior to the requirements of the Act and it is this continuing imposition of restrictions that allegedly violates the Ex Post Facto Clause." *Id.* (internal quotation marks omitted).

There is no dispute that the restrictions of the Act "continue[d] after the precipitating event that began the pattern," that is, after the Act required Kelly to register in Tennessee. *Tolbert v. State of Ohio Dep't of Transp.*, 172 F.3d 934, 940 (6th Cir. 1999). And there is also no dispute that if the Act did not mandate registration, then Kelly could avoid further injury. Indeed, Kelly has identified two recent injuries, a denial of housing and criminal prosecution [Doc. 8, pg. 4-5]. He requested TBI remove him from the registry, and his request was denied [Doc. 8, pg. 11; Doc. 30, pg. 5]. Accordingly, Kelly's *ex post facto* claim purportedly states a continuing violation and is timely. Kelly's additional claims of violations of his First and Fourteenth Amendment due process rights are similarly timely as "[e]ach of these claims alleges a particular restriction or potential criminal punishment imposed by the Act to which [P]laintiff is subject." *Doe v. Gwyn*, 2018 WL 1957788 at *6; *see also Doe v. Haslam*, 2017 WL 5187117 at *14.

6

**IV. Conclusion**

Hammond's motion to dismiss any claim against him in his individual capacity **GRANTED**, [Doc. 14], and any individual claim against Hammond is **DISMISSED**. Kelly's claim against the sheriff in his official capacity shall proceed.

SO ORDERED:

s/ Clifton L. Corker<br>
United States District Judge